833 F.2d 310
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
MEDICAL & TECHNICAL RESEARCH ASSOCIATES, INC., Plaintiff-Appellee,
v.
Paul Weldon BOYLES, Defendant-Appellant.
 No. 87-2546.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 8, 1987.
Decided Nov. 4, 1987.
 
 William W. Webb (Broughton, Wilkins, Webb & Gammon, P.A. on brief) for appellant.
 Donnell Van Noppen III (Smith, Patterson, Follin, Curtis, James & Harkavy on brief) for appellee.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, ERVIN, Circuit Judge, and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 The question presented is whether the district court abused its discretion in excluding as irrelevant evidence that the appellee, the plaintiff below, had engaged a private investigator.
 
 
 2
 The appellee, Medical & Technical Research Associates, Inc., is a corporation engaged in the business of conducting clinical research for pharmaceutical companies. In January 1983, the manufacturer of a new hypertension medication called Pinacidil engaged appellee to conduct clinical testing of this product. Appellant, Dr. Paul W. Boyles, was one of a number of independent physicians employed by appellee to conduct testing. His assignment was to administer the medication to patients, keep records, and report the results in accordance with a uniform protocol. In September 1985 appellee filed this diversity action against appellant alleging that he had breached the parties' contract by failing to conduct the clinical testing in the prescribed way. Appellant counterclaimed, alleging a breach of the contract by appellee. The case was tried to a jury which found that appellant had breached the contract. Although appellee had claimed damages of $60,267.00, the jury awarded it $10,340.
 
 
 3
 During the trial appellant discovered that about three months prior to the trial appellee's counsel had engaged a private investigator to assist in his trial preparation. As a result of this information, counsel for appellant, on cross examination, asked two of appellee's witnesses whether the appellee had engaged the services of a private investigator approximately three months prior to the trial. One of the witnesses stated that she did not know; the other witness testified that appellee had not hired an investigator. As the latter witness was misinformed, counsel met with the district court to discuss the relevance of the employment of an investigator. The parties had agreed in a stipulation that counsel for Medical & Technical Research Associates, Inc., in order to aid in his preparation for trial, had retained a private investigator to locate former employees of the appellant and to contact some of his patients who had participated in one of the Pinacidil studies. The stipulation also stated that the two witnesses mentioned above were unaware of this fact.
 
 
 4
 Appellant then argued that the stipulation was relevant and should be read to the jury because the fact that an investigator had been hired three months prior to trial made the existence of a breach of contract by appellee less probable than if no investigator had been hired. The district court sustained appellee's objection, stating that "I see absolutely no relevance". (See Joint Appendix at 35).
 
 
 5
 Rule 401 of the Federal Rules of Evidence defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The Notes of the Advisory Committee on Proposed Rules that accompanies Rule 401 explains that "[p]roblems of relevancy call for an answer to the question whether an item of evidence, when tested by the processes of legal reasoning, possesses sufficient probative value to justify receiving it in evidence." Rule 402 of the Federal Rules of Evidence provides that "[e]vidence which is not relevant is not admissible."
 
 
 6
 This Court has held that a trial judge has wide discretion in determining the relevance of evidence, and that absent a clear showing of an abuse of discretion the ruling will not be disturbed. United States v. Molovinsky, 688 F.2d 243, 247 (4th Cir.1982), cert. denied, 459 U.S. 1221 (1983). We think the ruling of the district court was clearly right and affirm its judgment.
 
 
 7
 AFFIRMED.